IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Washington, DC)


UNITED STATES OF AMERICA,                    CASE NO. 24-cr-494-CKK

v.                                           **<u>SEALED</u>**


VEER CHETAL,


Defendant.
_____//

**<u>SEALED RENEWED MOTION</u>**
**<u>IN SUPPORT OF READMISSION TO PRETRIAL RELEASE</u>**

Comes now the Defendant, Veer Chetal ("Veer"), through undersigned counsel, and hereby files his Renewed Motion in Support of Readmission to Conditions of Pretrial Release.

**<u>Procedural History</u>**

On April 2, 2025, this Court held a hearing on the defendant's Motion in Support of Readmission to Conditions of Pretrial Release (Ecf. No. 30). The Court found that the preponderance of evidence supported the conclusion that the defendant is a flight risk and denied the defendant's Motion in Support of Readmission to Pretrial Release, *without prejudice*. (*Emphasis added*). But in doing so, the Court recognized, "counsel's efforts in crafting these proposed conditions and does not doubt the sincerity of Chetal's parents, three issues compel the conclusion that these conditions are presently insufficient to ensure Chetal will not flee." (Ecf. No. 32 at p.7).

#103978374v1

**The Three Issues of Concern**

In its Order, the Court specifically identified three areas of concern upon which the denial of the defendant' motion was based.  Since the time of the hearing, all three areas have been addressed by the defendant and his parents.

**Residence/Visa Status/Idle Time**

After the hearing on April 2, 2025, Mr. and Mrs. Chetal took their home in Danbury, Connecticut off the market.  While there is a mortgage on that home, on which they currently owe approximately $180,000, the approximate market value of the property is $400,000.  They have continued to make monthly mortgage payments and reside in that house.  If readmitted to pretrial release, Veer would reside in that home with his parents.

As previously stated in a Sealed Update Regarding Immigration/Visa Status, according to the immigration attorney retained by the Chetals to assist with the family's immigration status in the U.S., "Sushil and Radhika are considered in authorized stay while their U visa is pending.  Once they have the U visa they will be "U Status."  As of today's date, their immigration counsel has not received a rejection notice for the U visa application, (additional more specific details regarding Mr. and Mrs. Chetal's U visa are contained at pp. 5-6 of Ecf. No. 30).  Therefore, there are no concerns regarding Mr. and Mrs. Chetal's visa status.

On April 3, 2025, the Chetal's received a DHS Form I-797C for Veer, dated March 28, 2025, which is attached hereto and incorporated herein as Exhibit "A."  That document approves an H-4 extension of stay for Veer which is valid from October 11, 2024, through March 2, 2027.  In addition, the U visa application filed on behalf of Mr. and Mrs. Chetal includes Veer as their dependent.

2

As for the concerns about Veer's idle time while he awaits sentencing, he has applied to and has been accepted to the Western Governors University (WGU) online B.S. in Business Management.  In addition, through his parents, Veer has inquired about volunteering at the Daily Bread Food Pantry in Danbury, Connecticut.

**Thwarting Conditions of Release**

The Chetal's have now taken their home off the market and intend to use their equity in that home to secure an appearance bond for their son.  As such, any effort by Veer to flee and not appear for his sentencing would put not just a monetary sum at risk for his parents, but their entire family home as well.

Moreover, Veer's former co-conspirators, whom the Court was concerned would have access to illicit funds and private jets, are now charged in a superseding indictment over which this Court is presiding and is intimately aware with the facts underlying that matter, s*ee Case No. 24-CR-417 (CKK)*).  Those former co-conspirators have either been taken into custody or are aware of their indictment.  Therefore, Veer no longer has even the appearance of an ability to obtain large amounts of cash or access private jets and flee the jurisdiction of this Court.

**Deterrence of Future Criminal Conduct**

Finally, the Court indicated a lack of confidence in Mr. and Mrs. Chetal's supervision of their son so that he would continue to cooperate with the government and not commit any future criminal conduct.

The passage of time and the public filing of the superseding indictment in Case No. 24-CR-417 (CKK)) has allowed the Chetal's to become more fully aware of the conduct in which Veer was participating.  That knowledge, along with their now lost trust for the mere words of their child, but with their continued undying love, support and concern for their only child, the

3

potential that they would lose their home should Veer flee the United States, serve as more than adequate deterrence to any future criminal conduct. They will not make the mistakes that they have in the past, which allowed Veer to participate in criminal conduct.

Moreover, any further criminal conduct would almost certainly deprive Veer of any substantial assistance credit or acceptance of responsibility, as well as add the potential for obstruction of justice to be considered by this Court at the time of sentencing.

Undersigned counsel believes that all of the foregoing changes in conditions have addressed and should resolve the Three Issues of Concern which the Court had when considering the prior motion for readmission to pretrial release.

### Request for Readmission to Pretrial Release

As previously stated, 18 USCS §3142(g) sets forth the factors that the Court should consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of the community.

Veer is a 19-year-old young man with no prior arrest or convictions, who has learned the consequences of failing to maintain candor with the Court, his parents, his counsel and the government. He is continuing to cooperate with the government under the conditions of his plea agreement, some of which is evident from the contents of the superseding indictment in Case No. 24-CR-417 (CKK)). He will now, more than ever before, abide with any and all conditions of pretrial release imposed on him.

### Proposed Conditions of Release

The defendant believes that the following conditions will assure that he will not flee or pose a danger to the safety of the community:

- He has surrendered his passport and will not apply for another one.

- He will continue to cooperate with the government pursuant to the conditions set forth in his plea agreement.
- He will check in as required or requested by the FBI.
- His parents are prepared to sign a personal surety bond in the amount of $200,000 and place their home in Danbury, Connecticut as security for the personal surety bond.
- He will reside with his parents.
- His parents will also surrender their passports.
- His travel is restricted to the District of Connecticut and the District of Columbia, as required for debriefing, testimony, or future court dates.
- He will have a daily curfew from 5pm to 9am.
- He will be monitored by an electronic monitoring device.
- He will make bi-weekly reports to pretrial services.
- He will have no unmonitored access to the internet.

Should the Court not be satisfied by a curfew and electronic monitoring, then the defendant will agree to abide by the condition of house arrest, with electronic monitoring, or any other conditions that the Court wishes to impose.

Wherefore, the defendant is requesting that the Court enter an order readmitting the defendant to Pretrial Release.

Should the Court require a hearing to address any issue or concerns raised within this motion, counsel is prepared to appear before the Court in person, along with Mr. and Mrs. Chetal, to address those issues or concerns.

Respectfully submitted,
**JONES WALKER LLP**
201 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710
By:    */s/David S. Weinstein*
        David S. Weinstein
        Florida Bar No. 749214
        *Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 30th day of My, 2025, the foregoing motion filed in this Sealed Case is being served this day on counsel for the government via the email listed below:

5

#103978374v1

Kevin Rosenberg, Assistant U.S. Attorney
United States Attorney's Office
601 D Street, NW
Washington, DC 20579
kevin.rosenberg@usdoj.gov

/s/ David S. Weinstein
David S. Weinstein

#103978374v1